NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-06-GFVT

GARY HALL                                                        PETITIONER

VS:                 **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALES, U.S. ATTORNEY GENERAL, et al.          RESPONDENTS

**** **** **** ****

Gary Hall, an individual in the custody of the Federal Bureau of Prisons ("BOP") and

incarcerated in the United States Penitentiary-Big Sandy in Pine Knot, Kentucky, has filed the

instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has now paid

the district court filing fee.

The petition is now before the Court for screening.[1]  28 U.S.C. §2243; *Demjanjuk v.*

*Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.

1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st

Cir. 1970)).

RESPONDENTS

The petitioner names three respondents:  (1) U.S. Attorney General Alberto Gonzales; (2)

BOP Director Harley Lappin; and (3) Brian Patton, Warden at the United States Penitentiary-Big

---

[1]  This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

Sandy ("U.S.P.-Big Sandy").

CLAIMS

The petitioner claims that the respondents have no authority to hold him in custody because 18 U.S.C. §§3621-4081, *et seq*., were "never voted into law by the Senate during any session of the 80th Congress," thereby leaving Public Law 80-772 "unconstitutional and void ab initio."

ALLEGATIONS

Hall's petition is an 11-page printed document, on three of which the petitioner has filled in a few blank spaces. On the first page, he handwrites his name and that of this Court in the caption. On the next page he fills in "9/7/01" as the applicable date for the form's pre-printed allegations that the writer "was seized by the Federal Bureau of Prisons (FBOP) agents operating under its director, without constitutional authority to execute any sentencing orders under the jurisdiction of Public Law 80–772." And finally, on the last page, Hall prints his name, gives his prisoner number, and signs that the petition was served on the U.S. Attorney General in Washington, D.C., and Regional Counsel for the FBOP in Lexington, Kentucky, on January 4, 2007.

The petition reads like an old, rambling treatise, which the Court finds totally non-sensical. Attached thereto is a stack of additional documents as exhibits, presumably in support of his petition, but not clearly so. These include copies of bills, pages from the Federal Register, Legislative Session minutes, portions of the Congressional Record, excerpts from textbooks, and a June 28, 2000 letter from House Clerk Jeff Trandahl to a Charles Degan, which is in response to an inquiry "requesting information on Title 18." Mr. Trandahl writes, "Congress was in

2

session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time. As you may know, Title 18 covers 845 pages in the U.S. Code and this wording was developed over many years...."

As to the relief sought, the petitioner asks that the Court, *inter alia*, (1) declare Public Laws 80-772 and 80-773 unconstitutional and void ab initio; and (2) release him from "all Places of Imprisonment owned and operated by the respondents acting under Public Law 80-772."

<u>DISCUSSION</u>

The Court is familiar with the instant printed pleading, the arguments therein, and attached exhibits. A few months ago, another U.S.P.-Big Sandy prisoner submitted a longer version of the same. Upon screening a similar petition from John Jose Watford, who named the same three officials as respondents in Lexington No. 06-CV-328-JMH, the Court dismissed the action, *sua sponte*, and entered Judgment against the petitioner on November 22, 2006.

As the Court concluded in the memorandum opinion and order dismissing that previous action, the petitioner

> has apparently taken a line from a legislative clerk's June 28, 2000 letter to someone else and extrapolated a theory that because Title 18 was not voted on during Congress's June 1948 session, then that Title and all that revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him. He cites no authority so invalidating Title 18. Nor did he raise this unique argument on his direct appeal or, apparently, in his earlier §2255 and §2241 motions.
>
> While the Courts are often criticized for using "legal mumbo jumbo" unnecessarily or excessively, it is the instant petitioner who has exceeded all bounds of the language this time.

Record No. 10.

In the case *sub judice*, the petitioner has apparently done the same thing.  Most importantly, he has violated Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple, concise and direct."  Fed.R.Civ.P. 8(e).  Nothing in the instant petition has complied with this requirement.  To the contrary, the plaintiff has regaled the Court with lengthy antiquated language and extraneous documents (some of which appear to relate to his claims, but some of which do not).  The Court fully recognizes that a *pro se* pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims.  *See e.g.*, *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  However, Federal Rule of Civil Procedure 8, at subsections (a) and (e), imposes limits on the degree of  "less stringency" or liberality which is required.

Consistent therewith, "[a] district court may dismiss [with prejudice] an action for a *pro se* party's failure to comply with Rule 8(a) and (e), provided that meaningful, less drastic alternatives have been explored."  *O'Leary v. Raley*, 902 F.2d 1579, 1990 WL 66489 (9th Cir. (Cal.) May 18, 1990) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)); see also *Finklea v. United States*, 2001 WL 103005 (S.D.Ala. 2001).  Disorganized exhibits attached to a complaint may also render a complaint insufficient under Fed.R.Civ.P. 8. *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 786 (N.D. Texas, Sept. 19, 2000).

An alternative resolution for a pleading which consists of a "morass of garbled text" and is filled with unconnected facts and legalese is dismissal of the action without prejudice, so as to afford the litigant the opportunity to re-file the lawsuit if that is appropriate.  *Id*.  The Court will choose this resolution of the instant cause of action.  Hopefully, the instant petitioner will learn not to submit pre-packaged petitions and will hereafter stick to the facts and the law of his case.

4

"[I]n the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'" *Id.* at 785 (citing *Martin v. United Staes Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)).

Even if the initial submissions made more sense, still the petitioner's challenge to service of his sentence would not be properly before this Court pursuant to 28 U.S.C. §2241. To the extent that he challenges the execution of his sentence, a matter usually brought pursuant to 28 U.S.C. §2241, his claim that the BOP's authority to hold him is flawed has not been raised with the BOP first, administratively, as is required by law. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'")

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. *See* §542.15.

As he has failed to exhaust the topic at all levels of the BOP, Petitioner Hall is not properly before this Court to challenge the execution of his sentence. Exhaustion of administrative remedies prior to filing a petition for writ of habeas corpus is not a pointless exercise. The exhaustion process should be implemented to prepare a record for this Court to review. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

To the extent that the petitioner means to attack the trial court's commitment of him to the custody of the BOP in 2001, Hall is barred from using this Court's §2241 jurisdiction to challenge the criminal judgment of another district court, unless he can prove that his remedy by a §2255 motion to the trial court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Hall's instant challenge to his 2001 commitment to the BOP for service of his sentence is a claim that purportedly arose in 1948. Therefore, the petitioner could have raised the claim when sentenced in 2001, on a direct appeal of that sentence, or via a §2255 motion still later. His having had opportunities to assert the claim earlier and having failed to either allege or demonstrate that a timely motion pursuant to §2255 was inadequate or ineffective to bring the claim, he may not proceed under §2241.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner Gary Hall's petition for writ of habeas corpus is **DENIED**; and

(2)      this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This the 7th day of February, 2007.

Signed By:

*__Gregory F. Van Tatenhove__*

**United States District Judge**

7